1  Raymond E. Lewis, Esq. (#98166)
   HIROSHIMA, JACOBS, ROTH and LEWIS
2  1420 River Park Drive, 2nd Floor
   Sacramento, CA  95815-4512
3  (916) 923-2223

4  Attorney for Relator Roxy Warner

**FILED**

SEP 1 5 2009 MCE

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY
          DEPUTY CLERK

**SEALED**

8                   UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA ex. rel., ) <br> ROXY P. WARNER, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> PSYCHIATRIC SOLUTIONS, INC., ) <br> ARDENT HEALTH SERVICES, L.L.C.; BHC ) <br> SIERRA VISTA HOSPITAL, dba SIERRA ) <br> VISTA HOSPITAL, and DOES 1-100, ) <br> ) <br> Defendants. ) | Case No.: 2:08-CV-1886 MCE KJM <br><br> **FIRST AMENDED QUI TAM COMPLAINT – VIOLATION OF FALSE CLAIMS ACT, BILLING MEDICARE FOR TREATMENT INAPPROPRIATELY DOCUMENTED, MEDICALLY UNNECESSARY, OR NOT PROVIDED. 31 U.S.C.A §§ 3729 et. seq.** <br><br> **WITH DEMAND FOR JURY TRIAL** |

19        Plaintiff / Relator ROXY P. WARNER, on behalf of the UNITED STATES OF

20   AMERICA, brings this civil action under the Qui Tam provisions of the False Claims Act, 31

21   U.S.C.S. §3729, et. seq.

22                   **IN CAMERA FILING - UNDER SEAL**

23        Pursuant to the provisions of the False Claims Act, to wit: 31 U.S.C.S. 3730(b)(2); this

24   complaint is filed In Camera, and shall remain under seal for at least 60 days, and shall not be

25   served on the defendant until the court so orders.

1

## JURSDICTION AND THE PARTIES

2    1.    This court has jurisdiction over this action pursuant to the provisions of the False
3   Claims Act; 31 U.S.C.S. §3729, et. seq.

4    2.    Venue is proper in this district under 28 U.S.C. §§ 1391(c), and 31 U.S.C.S.
5   §3732(a). Defendants have transacted business in this judicial district at all times material to this
6   action, reside in this judicial district, and the claims set forth in this Complaint arose in this
7   district.

8    3.    At all times mentioned herein, Plaintiff / Relator ROXY P. WARNER was a
9   resident of Sacramento County, CA and was employed by Defendants on the Senior Management
10   Team from November 26, 2001 through January 31, 2007, as a Utilization Review Coordinator
11   and Director at Sierra Vista Hospital, an acute care psychiatric hospital operated by defendants in
12   Sacramento County, CA.

13    4.    Plaintiff is informed and believes that Defendant PSYCHIATRIC SOLUTIONS,
14   INC. is a publicly traded Delaware corporation, with headquarters and principal executive offices
15   located at 6640 Carothers Parkway, Suite 500, Franklin Tennessee. Plaintiff is informed and
16   believes that DEFENDANT PSYCHIATRIC SOLUTIONS, INC. purchased Sierra Vista Hospital
17   from ARDENT HEALTH SERVICES, L.L.C. in 2005, and since that time has owned and
18   operated Sierra Vista Hospital at 8001 Bruceville Road, Sacramento, CA 95823; and is currently
19   doing business in Sacramento County within this judicial district.

20    5.    Plaintiff is informed and believes that Defendant ARDENT HEALTH SERVICES,
21   L.L.C. is a Tennessee corporation, with headquarters and principal executive offices located at
22   One Burton Hills Blvd., Suite 250 Nashville, Tennessee 37215. Plaintiff is informed and believes
23   that Defendant ARDENT HEALTH SERVICES, L.L.C. owned and operated Sierra Vista
24   Hospital, 8001 Bruceville Road, Sacramento, CA 95823; and was doing business in Sacramento
25   County within this judicial district until 2005, when it sold Sierra Vista Hospital to
26   PSYCHIATRIC SOLUTIONS, INC.

27

28

6. Plaintiff is informed and believes that BHC SIERRA VISTA HOSPITAL, dba SIERRA VISTA HOSPITAL, is a business entity, form unknown, that owned and operated Sierra Vista Hospital, 8001 Bruceville Road, Sacramento, CA 95823; during certain times mentioned in this complaint and was doing business in Sacramento County within this judicial district.

7. The names, identities, and capacities of Defendants DOES 1-100 are unknown to the Plaintiff. Plaintiff reserves the right to amend this complaint to state their true names, identities, and capacities when ascertained. Plaintiff is informed and believes that said Defendants are legally responsible for the conduct and damages as herein alleged.

8. Plaintiff is informed and believes that each of the Defendants were the agents and employees of the other Defendants named herein, including DOES 1-100, and were acting in the course and scope of said employment at the time of the conduct alleged herein, and or adopted and ratified said conduct thereafter.

## FACTUAL ALLEGATIONS

9. At all times mentioned herein, the Defendants have operated acute psychiatric hospitals which provide acute care psychiatric services and treatment, through inpatient and outpatient programs for adults and adolescents, and for all eligible MEDICARE beneficiaries at various locations throughout the United States and Puerto Rico, which include Sierra Vista Hospital, located at 8001 Bruceville Rd., Sacramento, CA.

10. On or about November 26, 2001, the Plaintiff / Relator Roxy P. Warner commenced her employment at Sierra Vista Hospital. She was hired at Sierra Vista Hospital as a Utilization Review Coordinator. For the first year and a half of her employment, her primary assignment was to review patient files, and to process an enormous backlog of "denials" that had been issued to Sierra Vista Hospital on invoices that the hospital had submitted to Medi-Cal and Private Insurance Payors for payment. Processing this backlog of denials consumed nearly all of her time for the first year and a half of her employment at Sierra Vista Hospital.

3

1    11.    Upon completion of the backlog in mid-2003, Plaintiff began to review then-
2    current patient records and medical charts to determine whether the medical evidence contained in
3    the patient medical files and charts supported the claims for payment that were being submitted by
4    Sierra Vista Hospital to various private insurance payors for payment.

5    12.    Thereafter, Plaintiff began to review the medical charts of Medicare patients and
6    beneficiaries. Sierra Vista Hospital maintained a significant Medicare patient population, and was
7    billing these Medicare patients for acute and intensive inpatient and outpatient psychiatric care
8    treatment on a daily basis.

9    13.    At that time, Chief Executive Officer Connie Mull, specifically instructed Plaintiff
10   that she did not need to review or audit Medicare inpatient or outpatient files. Plaintiff was further
11   instructed by the director in charge of managing outpatient cases that she did not need to review or
12   audit Medicare outpatient files to determine whether the charts of Medicare beneficiaries
13   contained adequate documentation to support the claims for payment that were being submitted to
14   Medicare. CEO Mull issued a specific directive to Plaintiff that she would cut Plaintiff's staff
15   hours before she would allow Plaintiff's staff to audit Medicare patient files. CFO Steve Slakey
16   joined in CEO Mull's directive that Plaintiff was not to review any Medicare patient charts for
17   medical necessity criteria prior to the hospital billing Medicare for payment.

18   14.    During this time, the Defendants, through their officers and directors at the facility,
19   had actual knowledge that Medicare auditors were rarely present on site to audit Medicare patient
20   charts to confirm whether a medical necessity existed justifying a Medicare patient's continued
21   stay at the intensive, acute care level at the facility, and that Medicare was not auditing patient
22   length of stays with sufficient detail and scrutiny, and that the hospital billings and invoices for
23   intensive acute care psychiatric treatment were being submitted and paid by Medicare on a regular
24   and continuing basis without detailed review by Medicare.

25   15.    In 2004 and 2005, Plaintiff nonetheless began reviewing various Medicare patient
26   charts. Upon her review, Plaintiff discovered, and verbally informed the officers and directors of

27

28
                                                    4

the Defendants, that the medical evidence in countless Medicare patient charts and files did not justify the Medicare patient's continued admission at the acute care facility; that the acute level of care that the hospital was billing Medicare for, was not appropriate, evident, or necessary in the vast majority of the Medicare patient charts, that Medicare patients were being held longer than medically necessary, that Medicare was being billed more than what was justified, that Medicare patients should be discharged to a lower level of care, and that the Hospital's practice of submitting ongoing claims and billings to Medicare for a patient's continued stay an the intensive acute care setting was unjustified, inappropriate, and a violation of federal law.

16. In response, the Chief Financial Officers and Chief Executive Officers of the Defendants became angered with the information that Plaintiff was reporting to them, and ordered the Plaintiff cease her Medicare reviews.

17. At this time, Plaintiff became aware that the Defendants had deliberately adopted a practice, as that term is defined by 31 U.S.C. § 3729(b), of knowingly billing Medicare patients and filing or causing to be filed with the federal government claims for payments of United States' government funds, for 'acute level psychiatric care' that was not medically necessary, supported, justified, or documented in the medical charts of said Medicare patients, and caused moneys of the United States government to be paid, to themselves, under circumstances rendering such claims for payment fraudulent and illegal.

18. At this time, Plaintiff became further aware that the Defendants were presenting and/or causing to be presented claims for payment for acute psychiatric services to the United States Government (Medicare), knowing such claims were false, fictitious, and fraudulent, or with reckless disregard and deliberate ignorance of the truth or falsity of the claims.

19. During a meeting with the CEO in December 2005, Plaintiff directly informed the CEO that if Medicare auditors were to retroactively review Medicare charts, the hospital would be fined for billing Medicare for unjustified hospital length of stays because their was no medical evidence or justification in countless files for acute inpatient psychiatric hospitalization and that

5

the hospital's practice of continually billing Medicare for unjustified hospital stays could constitute Medicare fraud.

20.     The CEO again dismissed Plaintiff's information, deliberately took no action with regard to the information, and has continued the practice of admitting Medicare patients in the hospital, and continued to bill Medicare for alleged acute level psychiatric treatment on an ongoing and daily basis that was not medically necessary, justified, or warranted.

21.     Moreover, a high ranking director from the Defendants corporate headquarters, Pat Crea, in a 2005 visit to Sierra Vista Hospital, specifically directed Plaintiff not to review Medicare charts with the same detail as private insurance for adequate documentation of whether a patient was "gravely disabled", "a danger to others", or "a danger to self" and further stated: "None of our other facilities do what you do".

22.     PSYCHIATRIC SOLUTIONS, INC. is currently the largest operator of owned or leased freestanding psychiatric inpatient facilities in the country with approximately 10,000 beds in 31 states of the United States, Puerto Rico and the U.S. Virgin Islands. In 2006, PSYCHIATRIC SOLUTIONS, INC. reported gross revenue of 1.026 billion dollars.

23.     By virtue of the false, fraudulent, and fictitious claims presented or caused to be presented by the Defendants to Medicare, and by reason of the violation of 31 U.S.C. 3729(a) and (b), the Defendants have knowingly or recklessly damaged the United States Government in an as yet determined amount, and Defendants are liable for treble the amount of damages, to be determined at trial, plus a civil penalty for each violation and for each false claim presented or caused to be presented.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Roxy P. Warner, prays that judgment against Defendant PSYCHIATRIC SOLUTIONS, INC., doing business as Sierra Vista Hospital, ARDENT HEATH

6

First Amended Complaint for Damages

SERVICES, L.L.C. doing business as Sierra Vista Hospital, BHC SIERRA VISTA HOSPITAL, doing business as Vista Hospital, and Does 1-20, each of them jointly and severally:

A.  For an appropriate percentage of the proceeds collected by the United States pursuant to 31 U.S.C. §3729-2733; dependent upon on the course of action taken by the government in this action;

B.  For an amount for reasonable expenses and attorney's fees necessarily incurred by the relator in the prosecution of this action;

C.  For such further and additional relief at law or in equity that this Court may deem appropriate or proper.

DATED: _9/11/09_

HIROSHIMA, JACOBS, ROTH & LEWIS
A Law Corporation

By_____
RAYMOND E. LEWIS
Attorney for Plaintiff/Relator

7

First Amended Complaint for Damages